JOHN T. GORMAN
Federal Public Defender
District of Guam

KIM SAVO
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
AMBER LEA BUTLER

FILED
DISTRICT COURT OF GUAM

AUG - 2 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 05-00058 |
| Plaintiff, | ) STIPULATION REGARDING TRIAL ) DATE AND EXCLUDABLE TIME |
| vs. | ) PERIODS UNDER SPEEDY TRIAL ACT ) |
| AMBER LEA BUTLER, | ) Proposed Trial Date: Oct. 19, 2005 ) |
| Defendant. | ) ) |



IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, United States of America, by and through its attorney of record, Assistant United States Attorney, Joseph Tock, and defendant Amber Lea Butler, by and through her attorney of record, Assistant Federal Public Defender, Kim Savo, as follows:

1. Defendant first appeared before a judicial officer in the court in which this charge is pending on July 29, 2005. The indictment in this case was filed on July 27, 2005. The

Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., requires that trial commence on or before October 7, 2005.

2. On July 29, 2005, defendant was arraigned on the indictment.

3. The parties estimate that the trial in this matter will last approximately two to three days.

4. By this stipulation the parties jointly move that the trial date be set for October 19, 2005.

5. The parties agree and stipulate, and request that the court find the following:

a) Prior to indictment, Defendant Butler was scheduled to leave the District of Guam on July 31, 2005 through and including August 30, 2005. The court released Ms. Butler on her own recognizance, and authorized her to leave the district during the stated time period. Defense counsel will require additional time to conduct further investigation, file any necessary motions and to prepare to defend Ms. Butler at trial on the charged offense. Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective representation of Ms. Butler and for effective preparation, taking into account the exercise of due diligence.

b) Government counsel is scheduled to be off-island from September 1, 2005 through and including October 7, 2005. Government counsel believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c) Based on the above stated findings, the ends of justice are served by continuing the case as requested and outweigh the interest of the public and the defendant in a trial

within the original date prescribed by the Speedy Trial Act.

(1) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence:

(I) The time period of July 31, 2005 to August 30, 2005 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted by the judge at the defendant's request without government objection on the basis of the judge's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

7. The parties agree and stipulate and request that the Court find that nothing in this stipulation shall preclude a finding that other provisions fo the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: Mongmong, Guam, July 29, 2005.

_____
KIM SAVO
Attorney for Defendant
AMBER LEA BUTLER

DATED: Hagatna, Guam, 1 August 2005

_____
JOSEPH TOCK
Attorney for Plaintiff
United States of America

3