ORIGINAL

amberbutlerple

LEONARDO M. RAPADAS
United States Attorney
JOSEPH TOCK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
OCT 18 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>AMBER LEA BUTLER,<br><br>        Defendant. | CRIMINAL CASE NO. 05-00058<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, AMBER LEA BUTLER, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count II of an Indictment charging her with Theft of Government Property in violation of Title 18, United States Code, Section 641. The United States will move to dismiss Count I at sentencing.

2(a). The defendant, AMBER LEA BUTLER, understands that the maximum sentence for Theft of Government Property is a term of not more than ten (10) years imprisonment, $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the

term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3). The United States will recommend a sentence at the lower end of the Federal Sentencing Guidelines. The defendant agrees understands that the Federal Sentencing Guidelines are advisory and not binding upon the Court, but may be taken into consideration in considering an appropriate sentence.

2(b) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Theft of Government Property as charged pursuant to 18 U.S.C. § 641, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: The defendant, AMBER LEA BUTLER, knowingly stole money with the intention of depriving the owner of the use or benefit of the money;

<u>Second</u>: The money belonged to the United States;

<u>Third</u>: The theft occurred on, or about and between, July 25, 2004 and October 21, 2004; and

<u>Fourth</u>: The value of the money was more than $1,000.

4(a). The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The defendant waives any right to have the facts that determine her offense level under the Guidelines either alleged in the indictment or found by a jury beyond a reasonable doubt. Instead, she agrees that the facts that determine her offense level will be found by the court at sentencing by a preponderance of the evidence, and that the court may consider any reliable evidence, including hearsay. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

The defendant was born in 1981, and is a citizen of the United States of America.

On about and between July 25, 2004 and October 21, 2004, the defendant, AMBER LEA

-2-

Case 1:05-cr-00058   Document 9   Filed 10/18/2005   Page 2 of 5

1   BUTLER, was employed by the United States Air Force, 36th Services Squadron, Andersen Air
2   Force Base, Guam. During that time the defendant was assigned to work at the Golf Course.
3   One of her duties was to take cash received from Golf Course revenues, transport the cash to the
4   36th Service Squadron Office and deposit the cash with another individual at that office. Once
5   the defendant received the funds from the Golf Course, and during transport, she would retain
6   varying amount of money for her own use and benefit. The amounts stolen from the Golf Course
7   varied from a low of Twenty-Five Dollars to a high of Two Hundred Thirty-Three Dollars and
8   Five Cents. The defendant did not steal each time she transported the cash, but did so on various
9   dates. The total amount stolen was One Thousand Six Hundred Twenty-Five Dollars and Ninety
10   Cents. The One Thousand Six Hundred Twenty-Five Dollars and Ninety Cents was the property
11   of the United States. The intent of the defendant was to retain the money for her own use and
12   benefit, thereby depriving the United States of the use and benefit of the property. This was in
13   violation of 18 United States Code, Section 641.

14       4(b) The defendant understands that notwithstanding any agreement of the parties, the
15   United States Probation Office will make an independent application of the Sentencing
16   Guidelines. The defendant acknowledges that should there be discrepancies in the final
17   sentencing guidelines range projected by her counsel or any other person, such discrepancies are
18   not a basis to withdraw her guilty plea.

19       5. In exchange for the government's concessions in this plea agreement, the defendant
20   waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal
21   the sentence imposed in this case. The defendant agrees that the government has bargained for a
22   criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction
23   is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders
24   the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter
25   a guilty plea to another charge encompassing the same or similar conduct. In such event,
26   defendant waives any objections, motions or defenses based upon the Statute of Limitations,
27   Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.
28

Case 1:05-cr-00058   Document 9   Filed 10/18/2005   Page 3 of 5

6. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

//
//
//
//
//
//
//
//
//
//
//
//

-4-

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement; and

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 10/14/05

AMBER LEA BUTLER
Defendant

DATED: 10/14/05

KIM SAVO
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: _____ By:

JOSEPH TOCK
Special Assistant U.S. Attorney

DATED: 10-17-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

-5-